549 P.2d 207

**Rudolph F. KRASSE, Appellant,**

v.

**DEL E. WEBB DEVELOPMENT CORPO-
RATION, an Arizona Corpora-
tion, Appellee.**

**No. I CA–CIV 2643.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 11, 1976.
Rehearing Denied June 8, 1976.
Review Denied July 13, 1976.

Wolfe & Harris, P. A., by Irwin Harris, Phoenix, for appellant.

Maupin & Wilson, by Willaim G. Fairbourn, Donald R. Wilson, Steven R. Haasis, Phoenix, for appellee.

## OPINION

FROEB, Judge.

Appellant, Rudolph F. Krasse, brought an action against Del E. Webb Development Corporation (Del Webb) and Superlite Builder's Supply, Inc. (Superlite), alleging negligence, strict liability in tor and breach of warranty for the defecti manufacture and installation of a handle attached to a sliding glass door. Following discovery, Superlite filed a motion for summary judgment which was granted by the trial court. Appellant did not appeal the judgment. Thereafter, Del Webb filed its own motion for summary judgment, which also was granted, and appellant now

appeals from the judgment in favor of Del Webb.

Appellant's claim arose when portions of two fingers of his right hand were severed by the sharp edge of the door handle, which he had grasped in an effort to break his fall after tripping at the rear entrance to his home. The home had been constructed by Del Webb, a corporation engaged in the business of building and selling new homes. It is uncontroverted that the door and door handle had been purchased directly from and installed by Superlite pursuant to a contract between Del Webb and Superlite.

In the earlier motion for summary judgment, Superlite contended that the door handle was not being used for the purpose and in the manner it was intended to be used at the time appellant's injury occurred, and was free of defects. Superlite argued that none of the theories advanced by appellant would support a recovery. Appellant opposed the motion on the ground that there were genuine issues of material fact. The trial court granted the Superlite motion without express findings of fact or conclusions of law. The later motion by Del Webb for summary judgment presented the same grounds as those relied upon by Superlite in its motion. In addition, however, Del Webb argued that principles of res judicata and collateral estoppel barred appellant from seeking recovery against it by reason of the earlier judgment in favor of Superlite. Again, in granting Del Webb's motion, the trial court made no express findings of fact or conclusions of law.

Appellant contends there were factual issues before the trial court which should have precluded the granting of Del Webb's motion for summary judgment. Appellant argues that the defectiveness of the door handle, the foreseeability that its use would result in injury, and the causal link between the defect and the injury were disputed issues making resolution of the case by summary judgment inappropriate.

Del Webb contends, however, that regardless of whether there were disputed issues of fact, the judgment in favor of Superlite prevents further litigation of the claim against it by reason of res judicata and collateral estoppel, particularly where, as here, there is no allegation in the complaint asserting separate grounds for liability against Del Webb.

■ The parties do not dispute the fact that the judgment in favor of Superlite was a final judgment on the merits. The trial judge made the requisite finding under Rule 54(b), Rules of Civil Procedure, which allowed appellant to take an immediate appeal from that judgment. *Tarnoff v. Jones,* 17 Ariz.App. 240, 497 P.2d 60 (1972). Appellant's failure to appeal the judgment in favor of Superlite rendered the judgment in favor of Superlite conclusive upon the parties. *Casa Grande Trust Co. v. Superior Court,* 8 Ariz.App. 163, 444 P.2d 521 (1968). Appellant argues, however, that the elements normally required for the application of res judicata and collateral estoppel are not present in this case, since the parties to the two judgments are not the same, Del Webb and Superlite were not in privity with each other, mutuality was lacking, and there was a lack of identity of issues.

We find the final judgment in favor of Superlite concluded the issue of liability on the merits and barred reconsideration of the claim against Del Webb under the doctrine of res judicata.

Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided, with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *Hoff v. City of Mesa,* 86 Ariz. 259, 344 P.2d 1013 (1959).

The doctrine of res judicata will operate to bar a claim in certain instances where a litigant was neither a party or in privity with a party to the original judgment, but where his relationship to one who is a party has certain recognized legal significance. In general, see *Restatement of Judgments,* §§ 94–111. One such situation is where there is a relationship between the parties of indemnitor and indemnitee.

Section 96 of the *Restatement of Judgments* sets forth the rule as to successive actions against tort-feasors where there is a duty of indemnity:

(1) Where two persons are both responsible for a tortious act, but one of them, the indemnitee, if required to pay damages for the tort, would be entitled to indemnity from the other, the indemnitor, and the injured person brings an action against the indemnitor because of such act, *a valid judgment*

(a) *for the defendant on the merits for reasons not personal to the defendant terminates the cause of action against the indemnitee;*

(b) for the plaintiff binds him as to the amount of recovery in a subsequent action by him against the indemnitee, but does not bind the indemnitee in any respect.

(2) If the injured person brings such an action against the indemnitee, the *judgment binds neither the plaintiff nor* the indemnitor in a subsequent action between them, except as stated in § 99. [Emphasis added.]

In the present case, Del Webb did not participate in causing the defects which allegedly caused appellant's injury. Superlite alone was responsible for the manufacture and installation of the door handle. In the event appellant had recovered judgment against Del Webb, as seller of the house and thus the retailer of the door handle, Del Webb would have been entitled to indemnification from Superlite as the manufacturer. The principle is set forth in *Allison Steel Mfg. Co. v. Superior Court of Arizona, Maricopa County,* 20 Ariz.App. 185, 511 P.2d 198 (1973):

It is also true that the retailer of the product, absent active participation in the creation of the defects causing the injury, may seek indemnity from the manufacturer whose process created the defect. [20 Ariz.App. at 190, 511 P.2d at 203.]

See, also: *Smith Radio Communications, Inc. v. Challenger Equipment, Ltd.,* 527 P.2d 711 (Or.1974).

Since Del Webb would have been entitled to indemnity from Superlite, appellant is barred from seeking a recovery from Del Webb after the judgment in favor of Superlite has become final and has thereby exonerated Superlite from liability. This result "is based primarily upon the fact that the right to . . . indemnity by the indemnitee against the indemnitor would be interfered with by a judgment in favor of the indemnitor in an action brought [against the indemnitee] by the person claiming to have been harmed." *Restatement of Judgments* § 96, Comment (d.).

Appellant has already tried and lost his claim against Superlite. Although he now argues the issues with respect to Del Webb are different from those involved in the action against Superlite, the record does not support his contention. The complaint filed by appellant sought recovery against both defendants on three theories: (1) strict liability in tort; (2) breach of an implied warranty of fitness, and (3) negligence in the manufacture, assembly, inspection and installation of the door handle. All of these allegations were made against Del Webb and Superlite jointly. There was no attempt to set forth specific allegations peculiar to Del Webb.

For the reasons set forth, we do not reach the issue of collateral estoppel. The action against Del Webb was barred by

the doctrine of res judicata and the judgment rendered by the trial court in its favor is therefore affirmed.

DONOFRIO, P. J., and OGG, J., concurring.