602 P.2d 495

Jerry D. SULLINS and Phyllis Sullins, his wife, Appellants,

v.

THIRD AND CATALINA CONSTRUCTION PARTNERSHIP, a general partnership; and Third and Catalina Association, Ltd., a limited partnership, Appellees.

No. 1 CA–CIV 3795.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 11, 1979.

Rehearing Denied Oct. 26, 1979.

Review Denied Nov. 15, 1979.

Law Offices of R. Kelly Hocker, Ltd. by R. Kelly Hocker, Tempe, for appellants.

Maupin & Wilson by Donald R. Wilson and Steven R. Haasis, Phoenix, for appellees.

## OPINION

DONOFRIO, Acting Presiding Judge.

This appeal arises from a personal injury action brought by appellants, Jerry D. Sullins and Phyllis Sullins, his wife, as a result of an industrial accident in which Jerry D. Sullins was injured. The complaint sought recovery from numerous defendants, however, the only matter before this Court is the propriety of a final summary judgment entered in favor of appellee, Third and Catalina Construction Partnership (Third and Catalina). This judgment properly contained the express determination of finality pursuant to 16 A.R.S., Rules of Civil Procedure, rule 54(b).

In determining the propriety of a grant of summary judgment, the evidence and inferences must be viewed in a light most favorable to the party opposing the motion. *Boyle v. City of Phoenix*, 115 Ariz. 106, 563 P.2d 905 (1977). The facts stated in this opinion will be stated either as undisputed or in a light most favorable to the plaintiff-appellant.

On March 12, 1973, Jerry D. Sullins (Sullins), an electrician, was injured in an electrical type of industrial accident while working in the Mountain States Telephone building in Phoenix, Arizona. The building was owned by Third and Catalina and was under construction at the time of the accident. Sullins was employed by Amelco Electric Company (Amelco), the electrical subcontractor that was working under direct contract with Mardian Construction Company (Mardian), general contractor. The electrical system for the building was designed by William Meier (Meier), electrical engineer of Meier/Bruington & Associates, and approved by the project architect, Alfred Newman Beadle (Beadle). Amelco, Sullins' employer, installed the electrical system.

There was no ground fault protection system (hereinafter GFP) incorporated in the original electrical design of Meier and therefore no GFP in the electrical system at the time of the accident. Subsequent to the accident a GFP was installed in the subject building, at least in part at the direction of Third and Catalina. A GFP is a device that is designed to disengage the current or power source running through an electrical system when an imbalance occurs.

As part of Sullins' case, it was asserted that it was negligence to omit the GFP, that the GFP was required by statute, that Third and Catalina knew that a GFP was required by law because a consulting firm so advised them, that the omission of a GFP caused the injury to Sullins and/or increased the severity of his injuries, that Third and Catalina retained control over the manner and method in which the electrical system was designed and installed, and that Third and Catalina had the power to change or alter the electrical plan.

Meier testified in deposition that he advised Third and Catalina that neither the Occupational Safety and Health Act nor the City of Phoenix required the installation of a GFP. Meier also testified that he advised his client, Third and Catalina, against the use of a GFP because of its ineffectiveness and poor "track record." These facts were also sworn to by an affidavit of Stanley Dru, a member of the Third and Catalina partnership.

A review of the aforementioned letter of the electrical consultant nowhere indicates that a GFP was required by law, however, it conveyed a recommendation that OSHA standards be complied with to avoid obsolescence.

In determining the propriety of the summary judgment granted in favor of Third and Catalina, the following issues will be considered:

(1) Whether the doctrine of *res judicata* bars this action against Third and Catalina.

(2) Whether either the Occupational Safety and Health Act or Restatement (Second) of Torts § 424 impose a duty on Third and Catalina, and if so, was that duty breached.

(3) Whether Third and Catalina owes a duty to Sullins under the retained control doctrine (Restatement (Second) of Torts § 414), and if so, was that duty breached.

## RES JUDICATA

■ A summary judgment was entered in favor of Mardian. No appeal was taken from that ruling and the time to appeal said judgment has expired. It is urged by Third and Catalina that this final summary judgment entered in favor of its co-defendant is a shield against liability based on the doctrine of *res judicata*. With this we cannot agree.

In *Krasse v. Del E. Webb Development Corp.*, 26 Ariz.App. 427, 549 P.2d 207 (1956), we articulated the basic doctrine of *res judicata* :

"Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *Hoff v. City of Mesa*, 86 Ariz. 259, 344 P.2d 1013 (1959).

The doctrine of res judicata will operate to bar a claim in certain instances where a litigant was neither a party or in privity with a party to the original judgment, but where his relationship to one who is a party has certain recognized legal significance." 26 Ariz.App. 428, 429, 549 P.2d at 208, 209.

No contention is made that Mardian and appellee are the same parties or privies; however, it is asserted that they have a relationship of recognized legal significance sufficient to trigger the application of *res judicata.* In support thereof, they point to *Fluor Corporation v. Sykes*, 3 Ariz.App. 211, 413 P.2d 270 (1966), wherein it was stated that "liability of a prime contractor to an employee of an independent subcontractor is generally analogous to the liability of an owner or possessor of land to the employee of an independent contractor * * *."

Appellee and Mardian do not have a relationship of recognized legal significance for the purpose of *res judicata.* This relationship must have legal significance as distinguished from factual similarity. An example of such legal significance is found in the relationship between an indemnitee with his indemnitor. Further, to bring *res judicata* into play as a bar, the recognized relationship must exist between the individuals or entities claiming same—in this case, between Third and Catalina and Mardian. The only basis asserted here for the relationship of recognized legal significance is that there is an analogous duty owed by the owner of property with the duty owed by the general contractor to the employee of the independent contractor. Although this

may be a factual similarity, this nexus is insufficient to establish a recognized legally significant relationship entitling one of the benefit of *res judicata.*

## THE OCCUPATIONAL SAFETY AND HEALTH ACT AND RESTATEMENT (SECOND) OF TORTS § 424

Sullins contends that the Occupational Safety and Health Act imposes a statutory non-delegable duty upon the owner of property which was the situs of the accident, Third and Catalina, to insure that adequate safety precautions are taken by its subcontractors, and failing in this, the owner is subject to liability. In conjunction therewith, appellant argues that Restatement (Second) of Torts § 424 imposes the same duty.

While it is axiomatic that the courts of Arizona will follow the application of the Restatement (Second) of Torts in the absence of authority to the contrary, *Mac Neil v. Perkins*, 84 Ariz. 74, 324 P.2d 211 (1958); *Barnum v. Rural Fire Protection Company*, 24 Ariz.App. 233, 537 P.2d 618 (1975), it is clear that the Restatement (Second) of Torts § 424 does not apply in the area of the law governing the relationship of an owner of property to an employee of an independent contractor. That section, if applied, could create a non-delegable duty owed by a property owner to an employee of an independent contractor. The Arizona courts have expressly rejected the principle of non-delegable duties of contractors in *Welker v. Kennecott Copper Company*, 1 Ariz.App. 395, 403 P.2d 330 (1965), and therefore Restatement § 424 is inapplicable in this jurisdiction.

Sullins' claim that OSHA, 29 U.S.C. § 651 *et seq.* imposes a non-delegable duty upon the owner of property to insure that adequate safety precautions are taken by all subcontractors for the benefit of the subcontractor's employees is similarly without merit. This Court held in *Pruett v. Precision Plumbing, Inc.*, 27 Ariz.App. 288, 554 P.2d 655 (1976), that the express words of the statute indicate that it will not support a cause of action for personal injuries

by an employee of a subcontractor against the employer of the subcontractor.

" 'Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to *enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees* under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment. 29 U.S.C. § 653(b)(4).' " (Emphasis supplied.) 27 Ariz.App. at 293, 554 P.2d at 660.

It is unclear whether the OSHA regulations would have required installation of a GFP if said regulations had been applicable in Arizona. This factual controversy is claimed by appellant as a genuine issue of material fact sufficient to preclude summary judgment. In light of the *Pruett* decision, it is irrelevant whether OSHA required a GFP. Even assuming OSHA did require a GFP, it would not create a genuine issue of material fact because it could not be used to establish a cause of action and further, the OSHA regulations would not even qualify as evidence of the standard of care because Arizona does not recognize non-delegable duties. *Pruett,* 27 Ariz.App. at 293, 554 P.2d at 660.

### RETAINED CONTROL DOCTRINE—RESTATEMENT (SECOND) OF TORTS § 414

■ As a general rule, an owner of property is not liable for the negligence of an independent contractor. *Welker v. Kennecott Copper Company,* 1 Ariz.App. 395, 403 P.2d 330 (1965). This rule is subject to certain recognized exceptions, including the retained control doctrine raised by appellant in this appeal.

In *Pruett v. Precision Plumbing, Inc.,* 27 Ariz.App. 288, 554 P.2d 655 (1976), this court reviewed the parameters of the duty of an employer of an independent contractor under the retained control doctrine:

"The Restatement of Torts 2d § 414 sets out the duty owed by the employer of an independent contractor:

'§ 414. Negligence in Exercising Control Retained By Employer

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.'

The comments to this section define what is meant by retained control and comment (b) specifically notes that § 414 is usually applied to situations where a general contractor subcontracts all or part of the work but superintends the entire job. Comment (c) is particularly instructive on the degree of retained control:

'c. In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. *It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports,* to make suggestions or recommendations which need not necessarily be followed, *or to prescribe alterations and deviations.* Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.' " (Emphasis supplied.)

27 Ariz.App. at 291, 292, 554 P.2d at 658, 659.

Appellant advocates that Third and Catalina retained sufficient control to establish a basis of liability, that there is a genuine issue of material fact as to the amount of control retained and therefore summary judgment was inappropriate.

Our review of the summary judgment entered in this cause must take cognizance of 16 A.R.S., Rules of Civil Procedure, rule 56(e) wherein it is provided:

"56(e) Form of affidavits; further testimony; defense required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, * * *. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Third and Catalina, in compliance with this rule, filed the affidavit of one of its partners, Stanley Dru, in support of its motion for summary judgment. In this affidavit, Dru testified in substance that the goal of Third and Catalina was to deliver a furnished product to plans and specifications of the proposed tenant; that he and his partners were not in any way involved in the day-to-day construction; that Third and Catalina had no control over the purchase or installation of electrical equipment; and that Third and Catalina had no control over changes, alterations, or deletions to the plans and specifications of the electrical system.

The appellant did not file any controverting affidavits and therefore the facts of the movant's affidavit are taken as true, *Gillard v. Estrella Dells I Improvement District*, 25 Ariz.App. 141, 541 P.2d 932 (1975), except as controverted by depositions and answers to interrogatories.

■ The thrust of appellant's retained control theory was asserted by the unverified statement in response to Third and Catalina's motion for summary judgment that Third and Catalina retained control over the manner and method in which the electrical system was installed and designed. Appellant controverted the Dru affidavit by reference to the deposition of

Meier, wherein Meier testified that Dur told him to " * * * go ahead and initiate it, get the ground fault protection in," after the accident. Third and Catalina does not deny that Dru, its agent, made the statement. It is undisputed that a GFP was installed after the accident. While evidence of subsequent repairs is inadmissible to prove negligence, it is admissible for the limited purpose of showing control of the premises where control is a matter in dispute. *Manhattan-Dickman Const. Co. v. Shawler*, 113 Ariz. 549, 558 P.2d 894 (1976). Appellant asserted that this is evidence that Third and Catalina in fact had the power to control and initiate changes in the design of the electrical system and could order inspections of the system.

■ The issue at bar becomes whether the power to initiate changes or alterations in the design of the electrical system constituted sufficient retention of control to establish a basis for liability if such were the facts. We hold that as a matter of law these controls are insufficient to meet the requisite quantum of retained control needed to activate the doctrine.

■ The right to program or direct the sequence of the work or reserving the right to prescribe changes or alterations does not give defendant the right to control the method or manner of doing the work. *German v. Mountain States Telephone & Telegraph Co.*, 11 Ariz.App. 91, 462 P.2d 108 (1969).

This court in *Reber v. Chandler High School District # 202*, 13 Ariz.App. 133, 474 P.2d 852 (1970), analyzed the major cases in the area of retained control wherein we said:

"The question of the liability for injuries to employees of an independent contractor where the owner or other employer of such independent contractor has retained certain supervisory powers over the work of that independent contractor and has vested these retained powers in the representative of such owner or other employer, has been presented many times to the Arizona appellate courts. *E. L. Jones*

**120**

*Construction Co. v. Noland*, 105 Ariz. 446, 466 P.2d 740 (1970); *German v. Mountain States Telephone & Telegraph Company*, 11 Ariz.App. 91, 462 P.2d 108 (1970); *Chesin Construction Co. v. Epstein*, 8 Ariz. App. 312, 446 P.2d 11 (1968); *Fluor Corporation v. Sykes*, 3 Ariz.App. 211, 413 P.2d 270 (1966), and *Welker v. Kennecott Copper Company*, 1 Ariz.App. 395, 403 P.2d 330 (1965). These cases all stand for the principle that liability for negligent exercise of retained supervisory powers can attach only when there is a showing that a *duty* has been created by the reservation of ' * * * the right to exercise day-by-day control over the manner in which the details of the work are performed. * * *.' *Jones, supra*, 105 Ariz. at 456, 466 P.2d at 750. As stated in *German v. Mountain States Telephone & Telegraph Company, supra*, the retained supervisory controls must give the defendant control over the *method or manner of doing the details of the work* over and above the supervision and inspection rights generally reserved to make certain that the *results obtained* conform to the specifications and requirements of the construction contract." (Emphasis theirs.) 13 Ariz.App. at 135, 474 P.2d at 854.

Even by viewing the facts in a light most favorable to appellant, it cannot be said that a *duty* has been created by the reservation of a right, on the part of Third and Catalina, to exercise day-by-day control over the manner in which the details of the work were performed. There is no evidence in the record that Third and Catalina even reserved such right of control. Therefore there is no basis for holding Third and Catalina liable under the retained control doctrine.

### OTHER THEORIES

 Appellant urges for the first time on appeal that Third and Catalina had a duty to Sullins under Restatement (Second) of Torts § 410. In *Crook v. Anderson*, 115 Ariz. 402, 565 P.2d 908 (App.1977), this Court stated that "[o]n appeal, from summary judgment, 'the parties cannot * * advance new theories or raise new issues in order to secure a reversal of the lower court's determination.' (Citations omitted.)"

In light of *Crook*, we will decline articulating any detailed analysis of this claim under Restatement (Second) of Torts § 410 but note parenthetically that in our opinion there is no factual basis in the record for imposing liability upon Third and Catalina under that section.

Judgment of the trial court is affirmed.

FROEB and HAIRE, JJ., concur.