NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MERITAGE HOMES OF ARIZONA, INC., an Arizona corporation
*Plaintiff/Appellee,*

*v.*

BINGHAM ENGINEERING CONSULTANTS, LLC., an Arizona limited
liability corporation,
*Defendant/Appellant.*

No. 1 CA-CV 13-0072

FILED 06-10-2014

Appeal from the Superior Court in Maricopa County
No. CV2010-005656
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By James K. Kloss
*Counsel for Appellant*

Stinson Morrison Hecker LLP, Phoenix
By Jennifer Allen, James E. Holland, Jr.
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

**¶1**            Defendant Bingham Engineering Consultants, LLC (Bingham) appeals from the grant of summary judgment in favor of plaintiff Meritage Homes of Arizona, Inc. (Meritage) on breach of contract, negligence and negligent misrepresentation claims and an award of $353,585.21 for damages, attorneys' fees and sanctions. Finding no reversible error, the judgment is affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**            For more than two decades, Bingham, owned by Dan Bingham, has provided residential engineering services for various companies. Starting in the mid-1990s, Bingham provided such services to Meritage and at times was Meritage's exclusive provider of such services. In October 2003, Bingham sent Meritage a written proposal agreeing to provide "structural engineering consulting services for post tensioned slab on grade foundation systems for Hancock Communities 900 series of plans." Specifically, Bingham agreed to provide structural designs to convert a Meritage one-story home design without a basement into a design "with a basement."

**¶3**            The design Bingham provided to Meritage included floor trusses that supported the kitchen floor over the basement. Although Bingham's design called for the trusses to have an adequate "dead load" for some surface materials, it was inadequate for a home with tile flooring and granite countertops. Meritage used the Bingham design to build three homes with basements underneath, and installed tile flooring and granite countertops in the kitchens. Meritage then received complaints from the homeowners regarding "bouncy" floors in these three homes. After

---

[1] This court "view[s] the evidence and reasonable inferences in the light most favorable to" Bingham. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12, 69 P.3d 7, 11 (2003).

investigating the complaints, Meritage discovered Bingham's design was inadequate for a home with tile flooring and granite countertops. Meritage then sought to remedy the defect and, to date, Meritage has remedied the problem in one home.

¶4            In 2010, Meritage brought this action against Bingham for breach of contract, negligence, negligent misrepresentation and indemnity. After discovery and briefing, the superior court granted summary judgment for Meritage on its breach of contract, negligence and negligent misrepresentation claims and on damages. The court awarded Meritage $173,648.30 in compensatory damages; $155,877.45 in attorneys' fees pursuant to Arizona Revised Statute (A.R.S.) section 12-341.01 (2014);[2] $19,059.46 in expenses (including taxable costs) and $5,000 in sanctions, all with interest at 4.5 percent until paid in full. After additional briefing, the superior court entered an amended final judgment nunc pro tunc reflecting these awards and stating that "[n]o further matters remain pending and this Judgment is entered pursuant to Ariz. R. Civ. P. 54(c)," indicating the indemnity claim also had been resolved. This court has jurisdiction over Bingham's timely appeal pursuant to A.R.S. § 12-2101(A)(1)-(A)(5)(a).

## DISCUSSION

¶5            Bingham argues the superior court erred: (1) by granting summary judgment on Meritage's breach of contract, negligence and negligence misrepresentation claims and (2) in awarding damages, attorneys' fees and sanctions. This court addresses these issues in turn.

**I.      The Superior Court Properly Granted Summary Judgment On Meritage's Claims.**

¶6            Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court reviews the grant of summary judgment de novo. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12, 69 P.3d 7, 11 (2003).

¶7            Although challenging entry of summary judgment on the contract claim, Bingham "does not deny that some form of contractual relationship exists between Meritage and Bingham." An enforceable

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

contract requires: (1) an offer; (2) an acceptance; (3) consideration and (4) "sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co. v. Homes & Son Const. Co.*, 112 Ariz. 392, 394, 542 P.2d 817, 819 (1975). The first three requirements clearly are met here: Bingham provided a written offer to Meritage to provide "structural engineering consulting services" and "structural calculations and drafting of the post tensioned slab on grade systems including details;" Meritage accepted that offer and Bingham provided the design and "was compensated for its services" by Meritage.

¶8　　　The superior court found "Bingham breached the contract by admittedly providing inadequate designs," concluding that the contract placed upon Bingham an obligation to provide adequate designs. On appeal, Bingham argues that the only applicable obligation it could have breached was "an implied contractual duty to indemnify;" "an implied covenant;" "the implied warranty of habitability and workmanlike performance" or "an implied warranty." Contrary to Bingham's arguments, Arizona recognizes that contracts may have implied-in-fact terms, which "are derived from the behavior of the parties and are treated in the same way as 'express' terms." E. Allen Farnsworth, *Contracts* § 7.16 at 485 (4th ed. 2004). A claim for a breach of an implied-in-fact term is a suit based on the contract between the parties. *See Ramsey Air Meds, L.L.C. v. Cutter Aviation Inc.*, 198 Ariz. 10, 17 ¶ 34, 6 P.3d 315, 322 (App. 2000). The question, then, is whether the superior court erred in finding that Bingham had an implied-in-fact obligation to provide adequate designs.

¶9　　　The record before the superior court shows that Bingham and Meritage have a long history of business relations, with Bingham providing structural engineering services to Meritage for many years and serving as the exclusive provider for several years. During that relationship, and in more than 30 years of business, "Bingham ha[d] *never* designed a home that was not capable of supporting tile floors and granite countertops." Bingham testified that, when preparing designs for a home, he assumed "whatever the worst case condition would be," meaning that the design needed to be structurally capable of supporting whatever flooring and countertop that could be used. The court properly could consider these facts in determining the terms of the parties' contract. *AROK Const. Co. v. Indian Const. Servs.*, 174 Ariz. 291, 297, 848 P.2d 870, 876 (App. 1993) (terms of a construction contract are found in "the agreement itself or by commercial practice or other usage or custom").

¶10  In his deposition, Bingham admitted that it was always the intent to provide a design that was capable of having tile floors and Bingham should have "anticipate[d] whatever loadings could" have been used by Meritage. He stated "I believe we should have anticipate[d] the granite loading and the tile loading combined, and that the truss loading should have been increased for that," adding "[a]s an engineer, I think we should anticipate whatever loadings could be used." Bingham further testified that "I'm already on record as stating that in this particular case, we should have anticipated the higher loading;" admitting that he "had not anticipated the loadings that were there" and agreed that, "in other words, [the truss] calculations were wrong."

¶11  On this record, the superior court properly concluded the contract placed upon Bingham not only an obligation to provide designs but an implied-in-fact obligation to provide adequate designs. *See Flagstaff Affordable Hous. Ltd. v. Design Alliance, Inc.*, 223 Ariz. 320, 328 ¶ 40, 223 P.3d 664, 672 (2010) ("Architectural contracts generally include compliance with applicable building codes and other legal design requirements as an implied term."); *Ramsey Air Meds, L.L.C.*, 198 Ariz. at 17 ¶ 34, 6 P.3d at 322 ("For example, when a builder contracted with a plumbing company to install plumbing fixtures in fifty new houses, the contract contained an implicit promise that the fifty new houses would be built."); *Zancanaro v. Cross*, 85 Ariz. 394, 398, 339 P.2d 746, 749 (1959) ("An implied promise arising out of the expressed provisions of the contract is as much a part of the contract as a written one.").

¶12  Particularly given these candid admissions, on this record, the superior court properly concluded that Bingham breached an implied-in-fact contract term to provide adequate designs and that Meritage was damaged as a result. *See, e.g., Thunderbird Metallurgical, Inc. v. Ariz. Testing Labs.*, 5 Ariz. App. 48, 50, 423 P.2d 124, 126 (1967) ("In an action on a contract plaintiff has the burden of proof to show, 1) a contract, 2) a breach, and 3) damages."). Accordingly, the superior court did not err in granting Meritage summary judgment on its breach of contract claim.

¶13  On appeal, Bingham attempts to argue for the first time that Meritage's negligence and negligent misrepresentation claims are barred by Arizona's economic loss doctrine as set forth in *Flagstaff Affordable Housing Ltd.*, 223 Ariz. at 320, 223 P.3d at 664. In briefing before the superior court addressing the various summary judgment motions, Bingham made no such economic loss doctrine argument. Moreover, in seeking reconsideration of the order granting Meritage summary judgment on its contract, negligence and negligent misrepresentation

claims, Bingham argued that "Meritage is wrong in arguing that *Flagstaff* applies to bar their tort claims and permit them to succeed on their contract claims," adding that "[u]nder these facts, only a tort-based claim can be pursued." Having failed to present to the superior court the economic loss doctrine argument it seeks to press on appeal, and having taken a position contrary to that doctrine with the superior court, this court will not address Bingham's economic loss doctrine argument on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) ("[A]bsent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").[3]

## II. The Superior Court Properly Calculated Damages, Attorneys' Fees And Sanctions.

¶14 Bingham argues the superior court erred in awarding Meritage damages on summary judgment, awarding Meritage attorneys' fees pursuant to A.R.S. § 12-341.01 and imposing $5,000 in sanctions against Bingham. Finding no error, the superior court's orders are affirmed.

### A. Damages.

¶15 The superior court awarded Meritage $173,648.30 in damages. On appeal, Bingham argues the court erroneously relied on "inadmissible hearsay" in granting summary judgment on damages.[4]

¶16 In seeking summary judgment on damages, Meritage provided Arizona Rule of Civil Procedure 80(i) declarations from

---

[3] The summary judgment from which Bingham appeals did not address Meritage's indemnity claim and the record does not indicate Bingham challenged entry of judgment on that claim. Accordingly, this court will not address that claim on appeal. *See Trantor*, 179 Ariz. at 300, 878 P.2d at 658.

[4] The additional arguments regarding damages that Bingham seeks to raise in its reply on appeal are deemed waived. *See State v. Moody*, 208 Ariz. 424, 452 n.9 ¶ 101, 94 P.3d 1119, 1147 n.9 (2004) (noting failure to assert an argument in an opening brief on appeal "usually constitutes abandonment and waiver of that claim"); *see also State v. Guytan*, 192 Ariz. 514, 520 ¶ 15, 968 P.2d 587, 593 (App. 1998).

Meritage warranty and service manager Paul Pritts, who "declare[d] under penalty of perjury" that the information in the declarations was "true and correct." Pritts declared "upon my personal knowledge and records created and maintained by Meritage in the ordinary course of business" that Bingham's breach resulted in various types of damages that Pritts specified and quantified in one of his declarations. Although the Pritts declarations did not attach supporting documentation, Bingham has not shown how Pritts' declarations consisted of inadmissible conclusions or could not have been relied upon by the superior court. *See* Ariz. R. Evid. 601, 602, 603, 803. Moreover, the authority relied upon by Bingham regarding documentation is distinguishable. *See, e.g.*, *Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co.*, 174 Ariz. 72, 82, 847 P.2d 117, 127 (App. 1992) (finding, unlike this case, that affidavit offered to support admissibility of attached documents did "not lay a foundation for either the admission in evidence of the exhibits or the admission of his conclusions based on the exhibits"). Accordingly, the superior court properly considered Pritts' declarations.

## B. Attorneys' Fees.

¶17 The superior court awarded $155,877.45 in attorneys' fees to Meritage pursuant to A.R.S. § 12-341.01. Contrary to Bingham's argument that this case "does not arise out of contract," the superior court properly found that the case does arise out of contract, making Meritage eligible for an award of attorneys' fees. *See* A.R.S. § 12-341.01; *see also Cahn v. Fisher*, 167 Ariz. 219, 221-22, 805 P.2d 1040, 1042-43 (App. 1990) (finding breach of an implied-in-fact term of a contract arose out of contract). When a party is eligible for an award of attorneys' fees, the amount awarded is reviewed for an abuse of discretion. *Fisher v. Nat'l Gen. Ins. Co.*, 192 Ariz. 366, 370 ¶ 13, 965 P.2d 100, 104 (App. 1998). Bingham has not supported its claim that the superior court failed to consider appropriate factors in awarding fees to Meritage. *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). On this record, the superior court did not err in awarding Meritage attorneys' fees under A.R.S. § 12-341.01(A).

## C. Sanctions Against Bingham.

¶18 The superior court imposed a $5,000 sanction against Bingham. This court views "the evidence in a manner most favorable to sustaining the award and [will] affirm unless the trial court's finding that the action can be so characterized is clearly erroneous." *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243, 934 P.3d 801, 807 (App. 1997). The

superior court made detailed findings in imposing sanctions and concluded that:

> Bingham violated A.R.S. § 12-349 by 1) defending a claim without substantial justification, 2) asserting defenses primarily for delay, 3) unreasonably expanding and delaying proceedings, and 4) abusing the discovery process.
>
> Bingham further violated Rules 11, 26(F), and 37 by denying liability in its Answer, discovery responses, disclosure statements, and summary judgment responses *and continuing to deny liability* in the wake of the sworn testimony of its own witnesses. Regardless of its comparative fault argument, Bingham should have narrowed the issues to be litigated by acknowledging the facts and its own responsibility.

Based on these findings, which are supported by the record, the court did not err in imposing a $5,000 sanction against Bingham.

### III.     Meritage Is Entitled To Costs And Attorneys' Fees On Appeal.

¶19        Meritage seeks costs and attorneys' fees on appeal under A.R.S. § 12-341.01 as well as sanctions on appeal under various other provisions. In exercising this court's discretion, Meritage is awarded costs and reasonable attorneys' fees upon compliance with Arizona Rule of Civil Appellate Procedure 21. In exercising this court's discretion, Meritage's request for sanctions on appeal is denied.

### CONCLUSION

¶20        The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh