703 P.2d 1228

**Gabriel A. CORDOVA, Sr., and Maria L. Cordova, husband and wife, individually and as husband and wife, and as surviving parents of Gabriel A. Cordova, Jr., deceased, Plaintiffs/Appellants,**

v.

**James PARRETT and Betty Parrett, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 5300.**

Court of Appeals of Arizona, Division 2, Department A.

April 17, 1985.

Reconsideration Denied May 16, 1985.

Russo, Cox, Dickerson, Butler & Russo, P.C. by Karl MacOmber, Tucson, for plaintiffs/appellants.

Slutes, Sakrison, Grant & Pelander, P.C. by John Pelander, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

Appellants seek to hold appellee landowners liable for the death of appellants' son who was killed while he was assisting in the installation of appellees' mobile home as an employee of the moving service company engaged by appellees. The company, G & L Mobile Home Movers & Service, Inc., (hereinafter G & L) was apparently unlicensed and carried no workers' compensation insurance at the time of the acci-

dent.[1] The trial court granted appellees' summary judgment motion, and this appeal followed.

Appellees, James and Betty Parrett, hired G & L under an oral agreement, to move their mobile home from a mobile home park to a lot they had purchased. While the mobile home was being leveled, one of the hydraulic jacks under it slipped, and the mobile home fell on Gabriel A. Cordova, Jr. and crushed him. At the time the only employees of G & L at the site were decedent who was 19 and Dennis Hill who had turned 16 a few weeks earlier. Robert Gibson, the son of the owner of G & L, Frank Gibson, had been overseeing and assisting in the installation but had left a half-hour to an hour before the accident.

The Parretts were at the lot at the time of the accident. Betty was watching the activity with her daughter-in-law and small grandchild. James and his son were digging a trench and laying water lines in an effort to save money on the move. Appellees' only connection with the mobile home installation by G & L was an indication by James where he wanted the home located. Dennis Hill testified in his deposition that the location of the mobile home on the lot had nothing to do with the accident. All other aspects of the move were handled by G & L.

Appellants seek to hold appellees liable under any of several theories of the Restatement (Second) of Torts (1965), namely §§ 318, 411, 413, 414, 424 and 427A. Alternatively, they ask us to overrule *Welker v. Kennecott Copper Company*, 1 Ariz.App. 395, 403 P.2d 330 (1965). We can perceive no valid reason in this case for overruling *Welker*, and we find no merit in appellants' attempt to apply the listed Restatement sections to this situation.

■ Appellants initially contend appellees are liable under Restatement (Second) of Torts § 424 (1965) on the ground that failure to abide by a statute or regulation which imposes a duty to safeguard others gives rise to liability for a resulting injury. They rely upon A.A.R.R. R4–34–202(B)(1)(a) which specifies the distance at which supports are to be placed in the installation of mobile homes. It is argued the regulation imposes a non-delegable duty upon an owner. In addition to the fact that there was no evidence the regulation had been violated, the regulation does not apply to landowners such as appellees but to licensed installers of mobile homes. A.R.S. § 32–1178.01. More importantly, however, § 424 of the Restatement has been held to be inapplicable in Arizona. *Sullins v. Third and Catalina, Inc.*, 124 Ariz. 114, 602 P.2d 495 (App.1979). Division One of this court stated in *Sullins* that § 424 does not apply in the area of tort law governing the relationship of the employer of an independent contractor to an employee of that contractor.

■ Next appellants seek to hold appellees liable under § 411 of the Restatement. That section imposes liability upon the employer of an independent contractor for failure to exercise reasonable care in employing a competent contractor if the work to be performed requires skill in order to avoid the risk of harm to others. Their complaint as to the incompetence of the contractor is with regard to his being unlicensed and failing to have workers' compensation insurance, as to which there was no competent evidence. The competence of the contractor referred to in § 411, however, relates to his "knowledge, skill, experience, and available equipment." Comment a. There is no contention such qualities caused the accident here. Moreover, comment g to that section specifically states it is not applicable to a financially irresponsible contractor.

1. Appellants refer repeatedly in their argument to G & L's unlicensed status and failure to carry worker's compensation insurance. Their evidence on those matters was unauthenticated and presented without a proper foundation having been laid. Appellees' motion to strike the evidence was never ruled upon, but it is clear the evidence was inadmissible. Rule 901 and 902, Rules of Evidence, 17A A.R.S.

The cases cited by appellants, decidedly of a minority view, do not warrant the adoption of a new rule in this jurisdiction with regard to financially irresponsible contractors (even if that issue had been raised by competent evidence) under the facts of this case. In *Becker v. Interstate Properties*, 569 F.2d 1203 (3d Cir.), cert. denied, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978), the court found the developer of a shopping center project could be held liable to an employee of a sub-subcontractor who carried no workers' compensation insurance and who was only minimally capitalized. The ruling was based on a policy decision that between the victim and the developer, the developer should bear the burden of the loss because it was "a substantial entrepreneur and a member of an industry that carries large liability insurance policies as a matter of course." 569 F.2d at 1210. The court also noted that the developer had negotiated at length with the contractor on the matter of insurance coverage and was thus in a better position to assure financial responsibility.

No such policy reasons exist in this case. Appellees are not in the business of having mobile homes moved. They have no expertise or experience in moving mobile homes and are not in a position to ensure the financial responsibility of the company they hired to move their home. Comment c to § 411 notes that an inexperienced widow employing a contractor to build a house is not expected to have the same information on the contractor's competence as would a bank seeking to build the same house. Appellees are akin to the widow, not to the bank.

■ Appellants next contend the work in which decedent was engaged was an abnormally dangerous activity; thus, appellees are liable under § 427A of the Restatement. There is no merit to this contention either. Appellants erroneously claim that whether or not an activity is abnormally dangerous is a fact question. On the contrary, such determinations are for the court

to make. *Correa v. Curbey*, 124 Ariz. 480, 605 P.2d 458 (App.1979); Restatement (Second) of Torts § 520, comment *l* (1965). The factors that are to be considered in determining if an activity is an abnormally dangerous one are found in Restatement (Second) of Torts § 520 (1965); they indicate there is no question that the installation of a mobile home is not abnormally dangerous. According to comment f to § 520, "[t]he essential question is whether the risk created is so unusual, either because of its magnitude or because of the circumstances surrounding it, as to justify the imposition of strict liability for the harm that results from it, even though it is carried on with all reasonable care." There is no risk of harm if the installation is carried on with reasonable care.

■ Appellants also contend § 413 of the Restatement (Second) of Torts (1965) imposes liability upon appellees. That section applies to one who entrusts to a contractor work that is likely to create a peculiar unreasonable risk of harm unless special precautions are taken. The section imposes no liability here because it has been held to be inapplicable in Arizona to injuries suffered by employees of the independent contractor. *Welker v. Kennecott Copper Company*, supra; *Parks v. Atkinson*, 19 Ariz.App. 111, 505 P.2d 279 (1973).

■ Appellants also argue that § 414 of the Restatement applies here. Although that section does apply to employees of independent contractors, the retained control that triggers liability is not retained control over the premises but over the manner in which the work is done. *Mason v. Arizona Public Serv. Co.*, 127 Ariz. 546, 622 P.2d 493 (App.1980); comment c to § 414. The control must be over the method of doing details of the work and must be such that the contractor is not entirely free to do the work in his own way. *Koepke v. Carter Hawley Hale Stores, Inc.*, 140 Ariz. 420, 682 P.2d 425 (App.1984). The only control retained in this case was over the

location of the mobile home on the lot. A fellow employee of the decedent testified that decision had nothing to do with the accident. There is no liability under § 414.

■ Finally, appellants urge the imposition of liability under § 318 of the Restatement. That section creates a duty in a possessor of land who permits a third person to use the land to control the third person's conduct so as to prevent him from intentionally harming others or from creating an unreasonable risk of bodily harm. There is no evidence of any intentional harm in this case. With regard to any unreasonable risk of harm, § 318 requires that the land possessor know or should know of the necessity to control the third person's conduct. The evidence shows appellees had no knowledge of, nor experience in, moving mobile homes. They had no reason to know of any necessity to control the actions of G & L. Appellants' citation of *State v. Brown*, 129 Ariz. 347, 631 P.2d 129 (App.1981) is inapposite. In that case part of the instruction to the jury deciding a manslaughter charge was taken from § 318 of the Restatement. There the owner of a boarding home was held liable for the death of a woman she had agreed to provide care for, whom she had entrusted to a 17-year-old under her control. In this case appellees were not responsible for decedent prior to his accident and had no reason to control G & L's activities nor did they control them.

We find appellees are not subject to any liability for the accident in question. Because we find that the appeal is frivolous, attorneys' fees on appeal are awarded to appellees pursuant to A.R.S. § 12–341.-01(C) and Rule 21(c), Rules of Civil Appellate Procedure. Judgment affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.