212 P.3d 91

**Mark R. PIPHER, a single man, Plaintiff–Appellant,**

v.

**Kent C. LOO, DDS and Jane Doe Loo, husband and wife, Defendants– Appellees.**

**No. 1 CA–CV 08–0143.**

Court of Appeals of Arizona, Division 1, Department D.

March 10, 2009.

Dan M. Durrant, Phoenix, and Douglas W. Holly, Cave Creek, Attorneys for Plaintiff–Appellant.

Broening Oberg Woods & Wilson PC By James R. Broening, Brian W. Purcell, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

IRVINE, Judge.

¶ 1 Plaintiff–Appellant Mark R. Pipher appeals from a jury verdict in favor of Defendants–Appellees Kent C. Loo, D.D.S. and Jane Doe Loo on his claim for medical malpractice. Pipher argues the trial court made erroneous and prejudicial evidentiary rulings at trial and challenges the court's award of sanctions to the Loos pursuant to Rule 68, Arizona Rules of Civil Procedure. Because we find that the trial court erred in its evidentiary rulings and we vacate and remand, we also vacate the court's Rule 68 award.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On July 29, 2002, Pipher received dental treatment from Dr. Loo. Thereafter, Pipher brought this lawsuit, alleging that Dr. Loo breached the standard of care in his administration of anesthetic, and that this breach caused injury to Pipher's lingual nerve. Dr. Loo denied that he breached the standard of care or that any such breach caused or contributed to Pipher's injury.

¶ 3 During the four-day jury trial, Pipher presented the videotape testimony of his causation expert, Robert W. Staley, D.D.S., who opined that Dr. Loo caused Pipher's injury because he did not immediately withdraw the anesthetic needle when Pipher experienced an "electric shock" reaction to the injection. The Loos objected to certain portions of the testimony; the court sustained those objections and prohibited Pipher from displaying that portion of the videotape at trial. Pipher, in turn, objected to the Loos' causation expert, Dr. Michael A. Pogrel, claiming his opinions were based upon inadmissible hearsay. The court denied Pipher's objection and allowed Dr. Pogrel to testify.

¶ 4 The jury returned a defense verdict. The court entered judgment on the verdict and, over Pipher's objection, awarded the Loos costs of $29,198.48 as a sanction under Rule 68(d), Arizona Rules of Civil Procedure. Pipher timely appealed.

¶ 5 We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 6 Pipher challenges the trial court's evidentiary rulings concerning the testimony of Drs. Staley and Pogrel. We review challenges to the court's admission or exclusion of evidence for an abuse of discretion. *Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, 399, ¶ 10, 10 P.3d 1181, 1186 (App.2000). If the evidentiary ruling is predicated on a question of law, we review that ruling de novo. *Id.*

### A. Dr. Pogrel's Testimony

¶ 7 Pipher argues that the trial court erred by allowing Dr. Loo's expert, Dr. Pogrel, to testify as to his opinion regarding the cause of Pipher's injury. Dr. Pogrel testified that in forming his opinions, he relied upon his own laboratory research regarding the cause of lingual nerve damage, his clinical experience with patients with this injury, and his interviews of patients with this injury and their dentists. Pipher objected at trial to Dr. Pogrel's testimony, arguing that it was inadmissible under Rule 703, Arizona Rules of Evidence, because his opinions were based on hearsay. Specifically, Pipher argued that Dr. Pogrel's articles and inter-

views of patients and dentists were hearsay. Consequently, Pipher argues the trial court committed reversible error by allowing Dr. Pogrel's opinion testimony.

¶ 8 Pursuant to Arizona Rule of Evidence 802, hearsay testimony is generally not admissible. Ariz.R.Evid. 802. Nevertheless, Rule 703 provides that the facts or data an expert relies upon in forming his opinions need not be admissible in evidence if they are of a type reasonably relied upon by experts in that field in forming opinions or inferences on the subject. Ariz.R.Evid. 703. The expert is permitted to testify about such evidence for the limited purpose of disclosing the basis for the expert's opinion even though it is normally inadmissible. Ariz. R.Evid. 703, *comment; Lynn v. Helitec Corp.,* 144 Ariz. 564, 568, 698 P.2d 1283, 1287 (App.1984). Thus, "[t]he test for admissibility of an expert's opinion based on facts not in evidence is whether the source relied upon by the expert is reliable." *Lynn,* 144 Ariz. at 568, 698 P.2d at 1287. The court has wide discretion when making this determination. *Id.* Rule 703 prescribes a foundational hurdle for the admission of expert testimony and requires that adequate foundation be offered to ensure that the data, facts, or methods upon which the expert's opinion is based exhibit sufficient indicia of reliability. The party seeking the introduction of expert testimony has the burden of setting forth sufficient foundation. *See State v. Bolton,* 182 Ariz. 290, 304–05, 896 P.2d 830, 844–45 (1995).

¶ 9 Pipher argues that our decision in *Gosewisch v. American Honda Motor Co., Inc.,* 153 Ariz. 389, 737 P.2d 365 (App.1985), *vacated on other grounds,* 153 Ariz. 400, 737 P.2d 376 (1987), compelled the exclusion of the testimony. In that case, the plaintiff brought a products liability suit against the manufacturer of an all terrain cycle ("ATC") after he was seriously injured in an ATC accident. *Id.* at 391, 737 P.2d at 367. The trial court refused to allow evidence of a "study" conducted by an emergency room physician, Dr. Rieser, regarding the pattern of ATC injuries in the surrounding area and refused to allow Dr. Rieser to opine about the results of his study. *Id.* at 396, 737 P.2d at 372. The

court found that the study was not admissible as an exception to the hearsay rule because the plaintiff had not shown that the survey was conducted according to "the principles accepted by social scientists and statisticians for gathering and analyzing survey data." *Id.* at 397–98, 737 P.2d at 373–74. On appeal, this court found the record supported the trial court's conclusion that Dr. Rieser's study was not reliable and trustworthy and justified the court's refusal to admit the study in evidence. *Id.* at 398, 737 P.2d at 374. We also affirmed the court's refusal to allow Dr. Rieser to testify regarding his conclusions from the study, noting he was a medical doctor with no special knowledge in the area of ATC accident causation and that the plaintiff had not established that the type of survey produced by Dr. Rieser was reasonably relied upon by experts in the accident reconstruction field. *Id.* at 398–99, 737 P.2d at 374–75.

¶ 10 In this case, unlike in *Gosewisch,* Dr. Pogrel testified he did not rely solely on hearsay in forming his opinions, but relied upon his own laboratory research and clinical experience regarding the cause of lingual nerve damage in addition to his interviews of patients with this injury and their dentists. He further testified that such epidemiological research, as well as laboratory and clinical research, was a legitimate branch of research. Contrary to *Gosewisch,* there is no evidence that Dr. Pogrel's research, conducted in his field of study and in the normal course of his work, was unreliable or untrustworthy. By allowing Dr. Pogrel's testimony, the trial court implicitly found his methods and data were reliable. *Lee Dev. Co. v. Papp,* 166 Ariz. 471, 475–76, 803 P.2d 464, 468–69 (App.1990) (stating every judgment impliedly contains any additional findings or conclusions of law necessary to sustain it, if reasonably supported by the evidence and not in conflict with the express findings).

¶ 11 We conclude that the trial court did not err by allowing Dr. Pogrel's testimony regarding the cause of lingual nerve damage under Rules 702 and 703.

**B. Dr. Staley's Testimony**

¶ 12 Pipher also challenges the court's ruling excluding three portions of Dr. Sta-

ley's testimony. First, Pipher challenges the court's exclusion of the following testimony:

Q: Is—in your practice, do you follow a— a standard similar to what Dr. Patterson has described?

. . . .

A: I do.

The Loos objected that the question was beyond the scope of Dr. Staley's testimony because it concerned the standard of care and Dr. Staley was not a standard of care expert. Arizona law provides that in medical malpractice cases, each party is presumptively entitled to only one independent expert witness regarding an issue. Ariz.R.Civ.P. 26(b)(4)(D). In this case, before Dr. Staley testified, Pipher presented the testimony of Dr. Patterson regarding the applicable standard of care and Dr. Loo's alleged breach of that standard. Pipher then sought to admit this portion of Dr. Staley's testimony concerning the standard of care he follows in his practice. Pipher did not present good cause for allowing a second expert to testify regarding the appropriate standard of care. *See* Ariz.R.Civ.P. 26(b)(4)(D). We find no error in the trial court's exclusion of this testimony. *Yauch,* 198 Ariz. at 399, ¶ 10, 10 P.3d at 1186.

¶ 13 Pipher next challenges the court's exclusion of the following testimony:

Q: Do you have an opinion whether there would have been permanent injury to Dr. Pipher's lingual nerve if the dentist administering the anesthetic had followed the Arizona standard of care as expressed?

. . . .

A: Yes, I do have an opinion.

Q: And what is your opinion?

. . . .

A: Yes. My opinion would be that—if the standard of care had been followed, that the—the precautions taken after it—it was numb, that they had come in contact with—or he had come in contact with the nerve, that there would not have been severe damage to the nerve, which did take place. And so the standard of care was not met and this is what resulted in the severe

injury to—to this nerve—to the lingual nerve on the right-hand side.

. . . .

Q: So if you're going slowly, does that allow you to touch the lingual nerve, cause the electric shock and get out without damage?

. . . .

A: Yes.

¶ 14 The Loos objected on the basis that Dr. Staley was retained as a causation expert in this litigation and this portion of his testimony concerned the standard of care, for which Dr. Staley was not an expert. They also objected that the testimony was unsupported by foundation, was speculation and that there was an inadequate basis for the opinion under Rules 702 and 703, Arizona Rules of Evidence. As the record does not reveal the basis for the trial court's exclusion of this testimony, we evaluate both arguments.

¶ 15 We first determine that the court erred if it excluded this testimony for the reason that it concerned the standard of care. Although Dr. Staley mentioned the conduct required by the standard of care and opined that Dr. Loo did not meet that standard, he did so only as a predicate to his opinion that Dr. Loo's violation of the standard of care caused Pipher's injury. Therefore, the portion of Dr. Staley's testimony in which he opined that Dr. Loo's violation of the standard of care caused Pipher's injury was properly admissible.

¶ 16 We turn, then, to the Loos' argument that the testimony was unsupported by foundation, was speculative, and that there was an inadequate basis for the opinion under Rules 702 and 703, Arizona Rules of Evidence. "The Rules of Evidence, and Rule 702 itself, erect barriers to admission of all opinion evidence: the evidence must be relevant, the witness must be qualified, and the evidence must be the kind that will assist the jury." *Logerquist v. McVey,* 196 Ariz. 470, 489, ¶ 57, 1 P.3d 113, 132 (2000). Rule 702 permits a qualified witness to testify in the form of an opinion if it would assist the trier of fact to understand the evidence or determine a fact in issue. Ariz.R.Evid. 702;

*Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 505, 917 P.2d 222, 234 (1996) (stating trial court has broad discretion when determining whether a witness is competent to testify as an expert). Further, "the trial court determines in each case 'whether the expertise of the witness is applicable to the subject about which he offers to testify.'" *Gemstar*, 185 Ariz. at 505, 917 P.2d at 234 (quoting *Englehart v. Jeep Corp.*, 122 Ariz. 256, 258, 594 P.2d 510, 512 (1979)).

■ ¶ 17 Dr. Staley testified that he is a board certified doctor of dental surgery with roughly thirty-five years' experience, that he has administered thousands of injections of the type at issue in this case, and that he has seen a number of patients who suffer from lingual nerve injuries. He had adequate foundation for his opinions, which he based on Pipher's description of the injection procedure and Dr. Patterson's testimony regarding the applicable standard of care. Although he admitted that there is no published scientific study to prove the validity of his opinion, he testified that his opinion was not speculation, but based on his experience and knowledge of the relevant literature. "Questions about the accuracy and reliability of a witness' factual basis, data, and methods go to the weight and credibility of the witness' testimony and are questions of fact ... [that do] not turn on the judge's preliminary assessment of testimonial reliability. It is the jury's function to determine accuracy, weight, or credibility." *Logerquist*, 196 Ariz. at 488, ¶ 52, 1 P.3d at 131. Thus, to the extent the trial court excluded the challenged portions of Dr. Staley's testimony on the basis that they lacked foundation, were speculative, or lacked an adequate basis under Rule 702 or 703, the court erred.

■ ¶ 18 The erroneous exclusion of this evidence eliminated Dr. Staley's causation testimony and prejudiced Pipher's presentation of his case. *See Gemstar*, 185 Ariz. at 506, 917 P.2d at 235 (stating evidentiary rulings will not be disturbed on appeal unless clear abuse of discretion appears and prejudice results). The excluded testimony contained the only portions of Dr. Staley's testimony in which he affirmatively opined that Dr. Loo's breach of the standard of care caused Pipher's injury. By improperly refusing to allow Pipher to present those portions of the testimony, the trial court eliminated Pipher's causation evidence and prejudiced his case.

¶ 19 Accordingly, we vacate the judgment in favor of the Loos and remand for a new trial. Because there will be a new trial, we do not address the court's award of sanctions pursuant to Rule 68.

· CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and PETER B. SWANN, Judge.