NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

REYNA PEREZ, wrongful death statutory beneficiary, for and on behalf of
herself and survivors of her husband, Decedent FRANCISCO FRAGOSO
ERETZA, *Plaintiff/Appellant*,

*v.*

PALACE BANQUETS & EVENTS, LLC, a limited liability corporation
doing business in the State of Arizona as BABYLON BANQUET HALL;
RICARDO VALDEZ and GRACIA LUNA TORRES, husband and wife,
*Defendants/Appellees*.

No. 1 CA-CV 15-0735
FILED 1-12-2017

---

Appeal from the Superior Court in Maricopa County
No. CV2013-005043
The Honorable James T. Blomo, Judge

**VACATED AND REMANDED**

---

COUNSEL

Treon & Shook PLLC, Phoenix
By Douglas G. Shook
*Counsel for Plaintiff/Appellant*

Sanders & Parks PC, Phoenix
By J. Steven Sparks, Shanks Leonhardt
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

¶1            Plaintiff Reyna Perez appeals from the entry of summary judgment in favor of defendants Palace Banquets & Events, LLC, dba Babylon Banquet Hall, Ricardo Valdez and Gracia Luna Torres (collectively Babylon) in this wrongful death case. For the reasons that follow, the entry of summary judgment is vacated and this matter is remanded for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2            This case arises out of the May 2011 electrocution death of Francisco Fragoso Eretza. At that time, Eretza owned Cool Busters Air Conditioning & Refrigeration, LLC, an air conditioning repair business, and worked under a Class K-39 license (air conditioning and refrigeration).

¶3            Construing the facts and reasonable inferences in a light most favorable to Perez, *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), Babylon called Eretza when a roof-top heating, ventilation and air conditioning (HVAC) unit (the "Big Unit") at a banquet hall operated by Babylon failed late one Friday night. Eretza arrived the next morning by 8:00 a.m. and was on the roof until his body was found later that morning. Eretza was electrocuted while inspecting an HVAC unit (Unit 1). Unit 1 was one of several roof-top HVAC units that previously had been vandalized. Babylon asked Eretza to determine whether a compressor from a vandalized HVAC unit could be used to replace the compressor in the Big Unit that had stopped working the night before.

¶4            Unit 1 had been vandalized and inoperable for "a week or two" before Babylon called Eretza. Although the power to Unit 1 could be shut off at the main circuit breaker inside the hall, Babylon apparently had not turned the power off to Unit 1 after it was vandalized. As a result, the power to Unit 1 was still on when Eretza was on the roof.

**¶5**         There were no witnesses who saw how Eretza was electrocuted. Shortly after 10:00 a.m., however, Eretza was found dead in front of Unit 1, his sunglasses lying nearby; his tool belt, tools and a water bottle were found near the open doors of the Big Unit. An investigation determined that Eretza's right hand likely contacted a live electrical wire coming from a junction box on Unit 1.

**¶6**         Perez filed a wrongful death claim as Eretza's surviving spouse, for and on behalf of herself, their minor son and Eretza's parents, based on premises liability. *See* Ariz. Rev. Stat. (A.R.S.) § 12-612 (2016).[1] Babylon moved for summary judgment, arguing that as a matter of law, Perez could not show, among other things, that Eretza "was killed by a concealed hazardous condition" and "did not receive a reasonable warning regarding the hazardous condition." After briefing and oral argument, the superior court granted the motion. The resulting minute entry found "no evidence that . . . [Eretza's] death was caused by a hidden or concealed danger" and Eretza "had actual knowledge of the vandalized condition" of the HVAC units and "was more than aware of electricity required to operate the units and the location of and the need to shut off the power to the units." Perez unsuccessfully sought reconsideration. Following entry of final judgment, *see* Ariz. R. Civ. P. 54(c), Perez timely appealed. This court has appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2010(A)(1).

## DISCUSSION

**¶7**         Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment may be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). This court reviews de novo the grant of a motion for summary judgment. *See Parkway Bank & Trust Co. v. Zivkovic*, 232 Ariz. 286, 289 (App. 2013).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## I. Babylon Owed Eretza A Duty As A Business Invitee.

**¶8** Although described in various ways, by alleging an Arizona common law negligence claim, Perez had the burden to show: (1) duty; (2) breach of that duty; (3) cause-in-fact; (4) legal (or proximate) causation and (5) resulting damages. *See, e.g.*, *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9 (2007); *Alcombrack v. Ciccarelli*, 238 Ariz. 538, 540 ¶ 6 (App. 2015); *Boisson v. Arizona Board of Regents*, 236 Ariz. 619, 622 ¶ 5 (App. 2015) (citing cases).

**¶9** The parties agree that Babylon owed Eretza a duty as a business invitee. *See Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 544 (1990). As such, Babylon had a duty "to discover and correct or warn of hazards which the possessor should reasonably foresee as endangering" *Id.* (quoting *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 355 (1985)). This duty

> includes the obligation to warn invitees of any danger of which [Babylon] knows or should know and of which the invitee is unaware and unlikely to discover. The warning must allow the invitee to decide intelligently whether to accept an invitation to enter the property and, if the invitee chooses to do so, protect himself against any danger.

*Robertson*, 163 Ariz. at 544 (citations omitted). A possessor of land, however, "is not ordinarily found negligent for injuries to those invitees from conditions which are open and obvious, nor for those which are known to the invitee." *Markowitz*, 146 Ariz. at 356 (citing *Tribe v. Shell Oil Co., Inc.*, 133 Ariz. 517, 519 (1982)). But because a landowner must "act reasonably in light of the known and foreseeable risks," if the landowner "should foresee that the condition is dangerous despite its open and obvious nature, neither the obvious nature nor the plaintiff's knowledge of the danger is conclusive." *Markowitz*, 146 Ariz. at 356-57.

## II. The Record Presented Does Not Show That Perez' Premises Liability Claim Fails As A Matter Of Law.

**¶10** Babylon argues summary judgment was required because, as a matter of law, Perez cannot show: (1) Eretza was killed by a concealed hazard; (2) Babylon failed to warn Eretza and (3) Babylon acted unreasonably. These arguments require a finding that the hazard was "open and obvious" as a matter of law and that no reasonable juror could conclude that Babylon failed to properly warn Eretza.

### A. On This Record, Whether Unit 1 Was An Open And Obvious Danger Is A Question Of Fact.

¶11 Whether a danger is open and obvious generally is a question of fact for the jury. *See Andrews ex rel. Kime v. Casa Grande*, 167 Ariz. 71, 75 (App. 1990); *McLeod ex rel. Smith v. Newcomer*, 163 Ariz. 6, 10 (App. 1989) (citing *Tribe*, 133 Ariz. at 519). Babylon suggests the issue can be decided as a matter of law here because "HVAC units are *always* connected to electricity." But Unit 1 was a vandalized HVAC unit that the record suggests had been inoperable for "a week or two" before Eretza arrived, and Babylon did not engage Eretza to repair Unit 1. Babylon has not shown that these facts would overcome the general rule that such issues present questions of fact for the jury.

¶12 Babylon next argues that Perez' "own expert has admitted that the vandalism and damage to the wiring on the HVAC units was a dangerous condition that was open and obvious to any trained HVAC technician." But the deposition excerpt cited for this proposition does not mandate this legal conclusion, as demonstrated by the following exchange that begins with a follow up to a question not contained in the record:

> Q. Why do you say that?
>
> A. Because the unit was vandalized and the wiring was removed, damaged, disconnected and created a hazardous condition for anybody to be on the roof.
>
> Q. And based upon your investigation and analysis of what happened here, because the vandalized Unit 1 was not de-energized, is that a critical factor, the fact that Francisco Eretza was electrocuted?
>
> . . .
>
> A. Yes, it was.
>
> . . .
>
> Q. Real quick on that point, you just listed a bunch of things that in your opinion created a dangerous condition, which is that the wiring had been removed, vandalized, et cetera. Those

> are situations that were equally visible to Mr.
> Eretza as they would have been to the owners
> of Babylon, correct?
>
> A. I believe they were, yes.

Similarly, Babylon's argument that Perez' "electrical expert has changed his theory several times" may create a credibility issue for a finder of fact to resolve, but does not show that Babylon prevails as a matter of law. *See, e.g.*, *Pipher v. Loo*, 221 Ariz. 399, 404 ¶ 17 (App. 2009) ("It is the jury's function to determine accuracy, weight, or credibility.") (citation omitted); *Felder v. Physiotherapy Associates*, 215 Ariz. 154, 164 ¶ 47 (App. 2007) (same) (citation omitted).

¶13           Babylon argues, with some force, that certain evidence supports its factual positions. And after seeking to impeach statements in a Phoenix Police Department Report, Babylon claims Perez provided "no evidence" to prove, among other things, that the power was on to Unit 1 as Eretza began his work or that he was electrocuted by Unit 1 wires. But Babylon has not shown that Report is inadmissible. And that Report states Eretza "was accidentally electrocuted" by electrical wires, that he "died instantly," that his body was found "in front of" Unit 1 and "that the contact point on [his] body was between his thumb and forefinger—consistent with handling or touching an electrified wire." That same Report notes Ricardo Valdez, a Babylon owner who was on site the morning of Eretza's death, "said the power to . . . Unit #1 was not manually turned off prior to any repairs" and "there was still power going into" Unit 1 at the time Eretza was electrocuted. Ultimately, Babylon's attempts to impeach these statements may or may not prevail. But whether they do is a fact-finding function, *see, e.g.*, *Pipher*, 221 Ariz. at 404 ¶ 17; *Felder*, 215 Ariz. at 164 ¶ 47, not something mandating "that there is no genuine dispute as to any material fact," Ariz. R. Civ. P. 56(a).

¶14           Similarly, assuming Babylon is correct in arguing that the police "photos are 'worth 1,000 words' when it comes to demonstrating the open and obvious nature of the significant destruction and damage to the HVAC units at Babylon, including but not limited to Unit 1," Babylon has not shown that weighing and assessing those photos properly shows Perez' claims fail as a matter of law. This is particularly true given that the open and obvious danger determination generally is a question of fact for the jury. *See, e.g.*, *Tribe*, 133 Ariz. at 519; *Andrews ex rel. Kime*, 167 Ariz. at 75; *McLeod*, 163 Ariz. at 10.

¶15        On this record, contrary to Babylon's argument that there are no disputed genuine issues of material fact, a jury properly could conclude that Unit 1 had been vandalized[2] and inoperable for a week or two before Eretza arrived; that Babylon did not turn off the power to Unit 1 but did not tell Eretza that the vandalized HVAC units were still connected to power and that Babylon did not "expressly warn[]"Eretza that the power to Unit 1 was still "hot" (even though it had been inoperable for a week or two). Accordingly, on this record, whether Unit 1 was an open and obvious danger is properly a question of fact for resolution by the jury, not by summary judgment.

**B.        On This Record, Whether Babylon Failed To Properly Warn Eretza Is A Question Of Fact.**

¶16        Babylon argues "[t]he undisputed evidence also shows that Babylon warned [Eretza] of the condition of the HVAC units on the roof." In support of this argument, Babylon points to evidence that its representative "spent 15 minutes walking the roof with [Eretza] before [Eretza] started his work;" explained which units the representative "believed to be non-functioning and explained to [Eretza] about the vandalism and the exposed wires in various locations of the roof;" showed where the circuit breakers were located and that Eretza commented about the dangers of high voltage in the wires.

¶17        If Unit 1 was the only HVAC unit on the roof, or if it was undisputed that Babylon told Eretza Unit 1 was still connected to live electricity, or told Eretza he could not obtain parts from Unit 1 and he did so contrary to that directive, Babylon's reference to the roof tour might suffice to show Perez' claim failed as a matter of law. But that is not the record presented. Moreover, although offered for a different reason, Babylon argues on appeal that "[t]here is no evidence to show . . . what [Eretza] knew (other than having *actual knowledge* of the location of the breaker panel and that the HVAC units had been vandalized or were otherwise in disrepair)," negating any claim that, as a matter of law, Babylon had properly and sufficiently warned Eretza. Indeed, and unlike the authority upon which Babylon relies in making this argument, the record does not show that Babylon undisputedly warned Eretza "that the lines were hot." *Citizen's Util., Inc. v. Livingston*, 21 Ariz. App. 48, 53

---

[2] Contrary to Babylon's argument on appeal, that it may have been "open and obvious" that the HVAC units had been vandalized does not mean, as a matter of law, that Unit 1 was an "open and obvious" danger.

(1973). Thus, whether Babylon failed to properly warn Eretza is a question of fact, not subject to resolution by summary judgment.

### C. The Cases Relied Upon Show That Perez' Premises Liability Claim Does Not Fail As A Matter Of Law.

¶18 Babylon argues summary judgment should be affirmed because "[t]he circumstances involving Decedent's accident are materially indistinguishable from *Mason*, *Cordova* and *Citizens Utility*." Given key differences, however, these three Court of Appeals cases show that summary judgment was not proper in this case.

¶19 *Mason v. Arizona Pub. Serv. Co.*, 127 Ariz. 546 (App. 1980) and *Citizens Utility* are powerline cases, which in some significant respects are analogous here. Those cases, however, involve appeals from jury verdicts where it was undisputed that the plaintiff was told or understood the powerlines were electrified (or "hot"). *See Mason*, 127 Ariz. at 551 (reversing jury verdict for plaintiff where powerlines apparently were always electrified; "[t]here is no indication that the power line was anything but open and obvious, and [plaintiff] testified that he was aware of it and the danger it posed"); *Citizens Utility*, 21 Ariz. App. at 53 (reversing jury verdict for plaintiff where power to powerlines was shut off and then turned back on; noting two witnesses testified a foreman warned plaintiff "that the lines were hot. There was no evidence to the contrary.").[3] In this case, by contrast, the appeal is taken from the grant of summary judgment (not after trial) and Babylon points to no evidence that it told Perez (or that Perez undisputedly understood) that Unit 1 was electrified or hot.

¶20 *Cordova v. Parrett* involved a death resulting from the failure of a hydraulic supporting jack used in moving a mobile home, a far different factual setting than this case. 146 Ariz. 79, 80-81 (App. 1985). *Cordova* does not address the "open and obvious" issue Babylon argues, and although citing *Mason*, it does so for an unrelated proposition. *Id.* at 82–83 (citing *Mason* for the proposition that, although Restatement (Second) of Torts § 414 (1965) ("Negligence in Exercising Control Retained

---

[3] For these same reasons, Babylon is incorrect in arguing that *Mason* and *Citizens Utility* support the proposition that "[t]he existence of power running to an HVAC unit is not a concealed hazardous condition as a matter of law since HVAC units are *always* connected to electricity."

by Employer") "does apply to employees of independent contractors, the retained control that triggers liability is not retained control over the premises but over the manner in which the work is done"). Moreover, in *Cordova*, the defendants' only involvement with the move was to say where the mobile home was to be located, which "had nothing to do with the accident." *Id.* at 81, 83. In short, Babylon has not shown that *Cordova* supports the grant of summary judgment in this case.[4]

¶21 More significantly, Babylon cites three Arizona Supreme Court cases that *reversed* decisions finding, as a matter of law, that a premises liability claim failed given disputed issues of material fact. *See Robertson*, 163 Ariz. at 541 (vacating grant of motion for directed verdict; "[b]ecause plaintiff presented sufficient evidence of negligent failure to warn to take the issue to the jury, we vacate the court of appeals decision and reverse and remand to the trial court for further proceedings consistent with this opinion"); *Markowitz*, 146 Ariz. at 359 ("there is duty and there are questions of fact on the issue of negligence and proximate cause. The summary judgment granted by the trial court is reversed."); *Tribe*, 133 Ariz. at 519 (vacating summary judgment for defendant; "[r]easonable minds could easily disagree as to whether a sixteen-inch step down is open and obvious to one who has ascended a six-inch step;" "Whether the step was dangerous, open and obvious or whether appellees should have anticipated the harm if open and obvious are issues to be decided by a jury in its capacity as triers of fact.").

¶22 Viewed in a light most favorable to Perez, the record could support a finding that Valdez routinely went onto the roof of the hall to inspect the HVAC units and "check if anything else was stolen," and he had done so the night before Eretza was electrocuted. The record also could support a finding that Valdez knew Unit 1 had been vandalized, leaving exposed electrical wires, and he knew the power was on to Unit 1. Valdez asked Eretza to see if Unit 1 had an operable compressor that

---

[4] Nor has Babylon shown how the analysis in *Flowers v. K-Mart Corp.*, where the layout of a K-Mart "parking lot and the traffic therein" was an open and obvious danger, 126 Ariz. 495, 497 (App. 1980), supports summary judgment here. And although Babylon claims *Silvas v. Speros Const. Co.* is "inapplicable" to this case factually, that case found factual issues precluded resolution of the claims as a matter of law. 122 Ariz. 333, 335 (App. 1979) ("The trial court erred in not submitting the case to the jury.").

could be used to repair the Big Unit, and the evidence suggests Eretza was acting in conformance with that request. On this record, and without expressing a view of the ultimate resolution as a factual matter, Perez' claim cannot be resolved as a matter of law. Accordingly, summary judgment for Babylon is vacated.[5]

**CONCLUSION**

**¶23** The entry of summary judgment for Babylon is vacated and this matter is remanded for further proceedings consistent with this decision. Perez is awarded her taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[5] For similar reasons, Babylon has not shown as a matter of law, and in the alternative, that it "undisputedly acted reasonably," "even in the face of an open and obvious hazard." *See Robertson*, 163 Ariz. at 545 ("the evidence could support many conclusions about what conduct would have been reasonable under the circumstances and we do not believe any of those conclusions apply as a matter of law"). In addition, given this resolution, this court also does not address Perez' arguments regarding comparative fault and assumption of risk.