NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SERGIO ROMERO PACHECO, *Plaintiff/Appellant*,

*v.*

KATHRYN COFFMAN, *Defendant/Appellee*.

No. 1 CA-CV 23-0107
FILED 11-16-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-006263
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

The Law Office of Christos Agra, PLC, Phoenix
By Christos Agra
*Counsel for Plaintiff/Appellant*

Resnick & Louis, PC, Scottsdale
By Ellen S. Levy, Derek J. Warner
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1        Sergio Romero Pacheco appeals the superior court's entry of summary judgment for Kathryn Coffman ("Aunt") on his claim for negligent selection of a contractor.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Aunt wanted to renovate her cabin in Munds Park.  Among her plans, Aunt wanted to demolish the fireplace, and she discussed the idea with her nephew Jeffrey Simbric ("Nephew").  Nephew volunteered to help Aunt at no charge.  Aunt accepted his offer.  There was no written contract.  Aunt assumed she would reimburse Nephew for his expenses and Nephew would hire outside help.

¶3        Aunt had no knowledge about or experience with fireplace demolition, and she maintained no control over the method of doing the work.  She knew that Nephew did not possess a contractor's license, and she knew he had once been sanctioned for contracting without a license.

¶4        Nephew brought three men to the cabin in June 2018, including Pacheco, to demolish the fireplace.  Aunt was not present.  She never met Pacheco or spoke to him.  It's unclear what relationship, if any, existed between Pacheco and Nephew before the Munds Park renovation, but Pacheco knew that Nephew had no contractor's license and knew he had once been sanctioned for contracting without a license.

¶5        At the outset, Pacheco used a sledgehammer to strike the bottom of the fireplace, which collapsed on his head.  He needed almost three dozen stitches and later developed vision issues.

¶6        The parties disagree about the facts that led to this accident.  Nephew insists he and a second crew member warned Pacheco that a fireplace must be demolished from the top down, but Pacheco insisted on starting at the bottom. Pacheco contends that Nephew directed him to start at the bottom.

¶7        Pacheco sued Aunt and Nephew for negligence, and sued Aunt for negligent selection of a contractor. Aunt and Pacheco filed dueling motions for summary judgment. The superior court granted summary judgment to Aunt on all claims and dismissed the case against her with prejudice. Pacheco timely appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).[1]

## DISCUSSION

¶8        We review de novo the entry of summary judgment. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Summary judgment is generally not appropriate in negligence actions, *Tribe v. Shell Oil Co., Inc.*, 133 Ariz. 517, 518 (1982), but will be granted when the record shows "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶9        Pacheco raises two arguments on appeal. He first argues that Aunt is directly liable to him because she negligently selected a contractor (who then hired Pacheco) to demolish the fireplace. He next contends that an agency relationship existed between Aunt and Nephew. We examine each argument in turn.

## I.    Negligent Selection

¶10       A principal is generally not vicariously liable for the negligence of an independent contractor. *Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 101 (1970). Arizona law recognizes an exception to this rule when a principal negligently selects an independent contractor. *Cordova v. Parrett*, 146 Ariz. 79, 81–82 (App. 1985); Restatement (Second) of Torts § 411 (1965).

¶11       According to the Restatement (Second) of Torts § 411, a principal may be liable for "physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor" if the work involves "a risk of physical harm unless it is skillfully and carefully done." Restatement (Second) of Torts § 411 (1965); *Cordova*, 146 Ariz. at 81 (explaining that § 411 "imposes liability upon the employer of an independent contractor for failure to exercise reasonable care in employing a competent contractor if the work to be performed requires skill in order to avoid the risk of harm to others."). To prevail on a negligent selection claim, the plaintiff must prove the defendant knew or

---

[1]        Nephew is not a party to this appeal.

should have known a contractor was not competent to perform the work. *See* Restatement (Second) of Torts § 411, cmt. b & illus. 4.

¶12          The superior court did not err when it dismissed Pacheco's negligent selection claim at summary judgment.  For starters, Pacheco contends he was Nephew's employee.  If true, then Pacheco's remedy for work-related injuries is through the workers' compensation statute.  A.R.S. § 23-1022.  Because Nephew was uninsured, Pacheco was able to sue Nephew in civil court, *Haralson v. Rhea*, 76 Ariz. 74, 76 (1953), which he did.

¶13          Nor does Pacheco have a claim against Aunt under § 411 because she selected a contractor who does not possess workers' compensation insurance.  *Cordova*, 146 Ariz. at 81 (citing Restatement (Second) of Torts § 411, cmt. g) (a hirer is not liable to the employee of a "financially irresponsible" independent contractor); *see also Robinson v. Jiffy Exec. Limousine Co.*, 4 F.3d 237 (3rd Cir. 1993) (one who hires an uninsured independent contractor is not liable in tort for contractor's negligence); *Thorp v. Home Health Agency-Arizona, Inc.*, 941 F.Supp.2d 1138, 1143 (D. Ariz. 2013) (employee cannot bring a negligent selection claim if the appropriate remedy is the workers' compensation statute).

¶14          The negligent selection claim fails for at least two more reasons.  First, Pacheco contends that Aunt is liable because she knew Nephew possessed no contractor's license and knew Nephew had previously been sanctioned for contracting without a license.  If so, however, Aunt may be liable only for harm caused by the absence of a contractor's license—not harm caused by Nephew's inattention or negligence.  Restatement (Second) of Torts § 411, cmt. b (to impose liability on the hirer, the harm must "result from some quality in the contractor which made it negligent for the employer to entrust the work to him.").  She can be liable under § 411 only if an investigation would have shown Nephew had a reputation for inattention and careless work.  *Id.* at cmt. b & illus. 4.

¶15          Second, § 411 states that "[t]he amount of care which should be exercised in selecting an independent contractor is that which a reasonable [person] would exercise under the circumstances, and therefore varies as the circumstances vary."  *Id.* at cmt. c.  Comment c later adds:

> The extent of the employer's knowledge and experience in the field of the work to be done is to be taken into account; and an inexperienced widow employing a contractor to build a house is not to be expected to have the same information

concerning the competence and carefulness of building contractors in the community, or to exercise the same judgment, as would a bank seeking to build the same house.

*Id.*

**¶16** Aunt was "not in the business of" demolishing fireplaces and had "no expertise or experience" in the area. *Cordova*, 146 Ariz. at 82. In that way, Aunt is like the "inexperienced widow" described in the Restatement who hired "a contractor to build a house," and was not expected to have the same information on the contractor's competence "as would a bank seeking to build the same house." *Id.* We affirm the entry of summary judgment on Pacheco's negligent selection claim.

## II. Agency

**¶17** Pacheco also contends that Aunt is liable for Nephew's negligence under an agency theory. The relevant facts are uncontested on this issue. "The question of whether an agency relationship exists is a question of law for the court when the material facts from which it is to be inferred are not in dispute." *Cote v. A.J. Bayless Mkts, Inc.*, 128 Ariz. 438, 444 (App. 1981).

**¶18** "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to so act." *Ruesga v. Kindred Nursing Ctr., LLC*, 215 Ariz. 589, 597, ¶ 28 (App. 2007) (citing Restatement (Third) of Agency § 1.01 (2006)). Whether an agency relationship exists depends on the intent of the parties. *Salt River Valley Water Users' Ass'n v. Giglio*, 113 Ariz. 190, 195 (1976). An agent can "only bind a principal within the scope of [the agent's] authority, actual or apparent." *Best Choice Fund, LLC v. Low & Childers, P.C.*, 228 Ariz. 502, 510–11, ¶ 26 (App. 2011).

**¶19** Pacheco argues that Nephew had actual authority to act as Aunt's agent. Actual authority "may be proved by direct evidence of express contract of agency between the principal and agent—express actual authority—or by proof of facts implying such contract or the ratification thereof—implied actual authority." *Heaphy v. Willow Canyon Healthcare, Inc.*, 251 Ariz. 358, 361, ¶ 7 (App. 2021) (quotation omitted).

**¶20** Pacheco has not offered enough "available, competent evidence" to justify a trial on the issue of actual authority. *See Ulibarri v.*

*Gerstenberger*, 178 Ariz. 151, 156 (App. 1993). Pacheco points only to a conversation in which Nephew agreed to help Aunt with her remodel. Aunt and Nephew entered no written contract, and Aunt retained no control over the demolition project. She was not present when it happened and offered no direction to Nephew on how it should be accomplished. Nor does a conversation in which Nephew agreed to help Aunt prove an implied contract. *Id.*

## CONCLUSION

**¶21** We affirm. As the successful party on appeal, we grant Aunt her reasonable costs on appeal, but that award is contingent on compliance with ARCAP 21.

